Iskuhi GHAZARYAN, Petitioner,

v.

Michael B. MUKASEY, United States Attorney General, Respondent.

No. 05–74269.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 22, 2007.*

Filed Nov. 20, 2007.

Garbis N. Etmekjian, Glendale, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Gary Plessman, Esq., San Francisco, CA, Carol Federighi, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, WARDLAW and IKUTA, Circuit Judges.

MEMORANDUM **

Iskuhi Ghazaryan, a native and citizen of Armenia, petitions for review of the Board

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of Immigration Appeals' ("BIA") decision dismissing her appeal from an Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal.

■ We lack jurisdiction to consider whether extraordinary circumstances excuse Ghazaryan's failure to file her asylum application within the one-year time limit because she failed to raise it in her brief to the BIA, *see Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

We have jurisdiction over Ghazaryan's withholding of removal claim under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding. *Malhi v. INS,* 336 F.3d 989, 992 (9th Cir. 2003).

■ Substantial evidence supports the IJ's and BIA's denial of the withholding of removal claim based on an adverse credibility determination. Ghazaryan testified inconsistently with her asylum application regarding matters that go to the heart of her claim, including whether the arson of her family's bakery was politically or religiously motivated, and whether she was initially accosted by neighbors who were government employees prior to her 1998 arrest, or by nationalists who knew her as a regular attendee of the Pentecostal church. *See Li v. Ashcroft,* 378 F.3d 959, 962–64 (9th Cir.2004). Ghazaryan's testimony that she was unable to obtain employment because she refused to wear make-up in contravention of her religious beliefs is inconsistent with her later admission that she put on make-up "for just two minutes" for a passport photo taken before she decided to leave Armenia. *See id.* Ghazaryan also testified inconsistently with a letter she submitted from her pastor concerning the name of the church that

* This panel unanimously finds this case suitable for decision without oral argument. *See*

she has attended for over two years, which brings her religious affiliation into question. *See Pal v. INS,* 204 F.3d 935, 938 (9th Cir.2000). Finally, in the absence of credible testimony, Ghazaryan's lack of corroborating evidence also undermines her claim. *See Sidhu v. INS,* 220 F.3d 1085, 1091–92 (9th Cir.2000). Accordingly, we conclude that she is ineligible for withholding of removal.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**